O. B. KAULL, Appellant, v. GUSTAV J. JOHNSON, Respondent, and

NORTHERN INVESTMENT COMPANY, a Corporation, Garnishee-Appellant.

(218 N. W. 606.)

**Process — defendant in civil action may show date of service of summons as stated in return is incorrect.**

1. The defendant in a civil action may show that the date of the service of the summons and complaint in the action, as stated in the return of service, is not the true date of service.

**Process — when service on party outside this state is complete.**

2. Where the summons and complaint in an action are served personally upon the defendant outside of the state after filing the complaint and the affidavit for publication with the clerk of the district court, such service is not complete until the expiration of fifteen days from the time when the copies of the papers were delivered to the defendant, and the defendant has thirty days from the completion of said service in which to answer such complaint. Thus when the summons and complaint were served upon defendant in the state of Illinois on March 19, 1927 an answer served upon the plaintiff on April 9, 1927 was served in time.

**Judgment — vacating default judgment — mistake as to dates of service of summons and complaint.**

3. Where a judgment of the district court was entered by default on an erroneous return of service showing service of the summons and complaint upon the defendant on February 19, 1927, instead of March 19, 1927, it was the duty of the court to vacate this judgment upon showing the true date of service and that the defendant had served his answer within the time required by law.

Opinion filed March 21, 1928.

Judgments, 34 C. J. § 674 p. 423 n. 34.   Pleading, 31 Cyc. p. 136 n. 93.   Process, 32 Cyc. p. 490 n. 29; p. 516 n. 26.

Appeal from an order of the District Court of Ramsey Court, vacating a default judgment, *Buttz,* J.

Affirmed.

*J. C. Adamson,* for appellant, and garnishee and appellant.

*Sinness & Duffy,* for respondent.

BURR, J.   This is an appeal from the order of the district court vacating a default judgment in favor of the plaintiff and against the defendant.   The defendant is a resident of the state of Illinois.   On or about the first day of February 1927, the summons and complaint were issued together with an affidavit and summons in garnishment.   The garnishee admitted service on February 1, 1927, and on February 10, 1927 admitted liability in the sum of $1048.35.   On February 10, 1927 an affidavit for the publication of the summons was filed and the papers sent to the sheriff of the county of Ford in the state of Illinois for service upon the defendant.   This official made an affidavit dated *February* 19, 1927 showing he had served "the summons, complaint, affidavit for garnishment and garnishee summons in the above entitled action" upon the defendant in said county and state, on that day, swearing to the service before the clerk of the circuit court.   The affidavit is typewritten with blanks for the name of the officer and the date in the month of February in which service was made.   This return of service is filed with the clerk of the district court of Ramsey county on April 5, 1927.   On April 7, 1927 counsel for the plaintiff made an affidavit of default and on April 8, 1927 the judge of the district court signed findings of fact, conclusions of law and order for judgment, and judgment was entered against the defendant for the sum of $1,013.50.   On the same day findings of fact, and order for judgment in favor of the plaintiff and against the garnishee for the same amount were signed, and judgment entered against the garnishee, paid and satisfied of record.

On April 9, 1927 the defendant served his answer upon the plaintiff's counsel, leaving a copy with him.   The proposed answer was returned April 11, 1927 on the ground that the time for answering had expired

and that the judgment had been entered, was paid by the garnishee and satisfied.

On May 23, 1927 the defendant moved to set aside the judgment entered against him on the ground that the time for answer had not expired at the time the answer had been served. This motion is based upon the affidavit of the defendant, of the sheriff of Ford county who served the summons and the complaint, and of Mr. Clyde Duffy, one of the counsel for defendant. The affidavit of the defendant is to the effect that the summons and complaint and other papers were not served upon him until *March* 19, 1927. The affidavit of the sheriff of Ford county is to the effect that the summons and complaint and other papers were not served by him upon the defendant until *March* 19, 1927; that if the affidavit of service states the papers were served on the 19th day of February 1927 it is an error caused by oversight in not noticing that the typewritten form of return service furnished was dated February; that the papers were received in February, but owing to the fact the defendant "was a member of the legislature from said county and was attending the session of said legislature at Springfield, Ill." at the time the papers were received he could not serve them upon him and he did not serve them until the defendant returned from the session of the legislature which was on or about March 19, 1927; that as late as March 7, 1927 he received an inquiry from the counsel of the defendant asking why service had not been made; that on March 9, 1927 he wrote to plaintiff's counsel stating:

"Your letter received and in reply will say that Mr. Johnson will be home Saturday or Sunday and I will get service on him. I figured that would be better than send to Springfield, with the papers as he might not be there so to be sure I will hold and get service on him either Saturday or Monday, and I will return to you, etc.,"

And that the form for return of service furnished him should have been corrected by him by erasing the word "February" and writing in the word "March." Plaintiff opposed the vacating of the judgment but does not deny the statements made by the defendant, or by the sheriff of Ford county, Ill. The district court vacated the judgment and held that the defendant had served his answer within the time required by law. From this order the plaintiff and the garnishee appeal "jointly and severally."

Under our statute, §§ 7422 and 7423, a defendant has thirty days in which to answer the complaint after service of the summons and complaint has been completed, and under the provisions of § 7433 of the Code, where the summons and the complaint are served personally upon the defendant outside of the state after the filing of an affidavit for the publication of the summons, such service is not complete until "the expiration of fifteen days after date of such service." It is clear therefore service of the summons and complaint upon the defendant was not complete until the expiration of fifteen days after the date the papers were handed to the defendant by the sheriff of Ford county and the defendant then had thirty additional days in which to answer; or in other words, the defendant would have forty-five days from the time the papers were given him in which to answer. He did not serve his answer upon the counsel for the plaintiff until April 9, 1927 and it becomes important then to determine the true date of service.

The return of service stated the papers were served on the 19th day of February 1927. An examination of the instrument itself shows that the affidavit of service was made on a typewritten form wherein the word "February" was typewritten and a blank left for the date. The jurat is in the same condition. The defendant says the papers were in fact served upon him on March 19, 1927 and this is also the sworn statement of the sheriff of Ford county, who explains that in making out return of service he did not notice the instrument said "February" but merely filled in the blank space with the date of the month; that in fact the papers were not served until the 19th day of March. The statements in his affidavit in regard to the correspondence with the plaintiff's counsel would indicate that the papers could not have been served on the 19th day of February as the letters and telegram from the counsel are dated in March and are requests to have the papers served. It is significant the return of service was not filed with the clerk of court of Ramsey county until April 5, 1927; but plaintiff's counsel says in his affidavit resisting the motion:

"That when affiant received the original papers back from the Illinois sheriff he supposed that they had been served according to the proof of service and that the sheriff had overlooked mailing them back."

The plaintiff does not dispute this alleged error in this service but relies wholly upon the return of service as made. The return of service

is not conclusive, but may be shown to be erroneous. If the statement therein as to date of service is wrong it may be corrected. What the court desired to know was the true date of service and this the defendant was entitled to show. The plaintiff, in opposition to the motion to vacate the judgment, controverts allegations made in the answer, and states: "that in the light of Exhibit 'A' (the alleged contract between plaintiff and defendant) and this affidavit in reference thereto, it appears that defendant's answer is not true and not interposed in good faith, etc." The answer on its face states a good defense and therefore the district court could not examine into the merits of the case.

It will be noted this is not an application to be relieved from a judgment taken against the defendant "through his mistake, inadvertence, surprise or excusable neglect." It is a claim on the part of the defendant that he answered in time. His showing of the date of service with the explanation of the date set forth in the return of service is clear and convincing and the district court was justified in deciding the defendant had answered in time. The service of the answer was made properly and within the time required by law. See § 7959. Therefore the judgment should have been set aside. The court could not examine into the merits of the case.

It is the contention of the plaintiff that the judgment should not have been vacated because all the defendant asked was to have the judgment against him set aside, that no attack is made on the judgment against the garnishee, that the judgment was paid by the garnishee and satisfied of record. Nevertheless the garnishee joins in this "joint and several" appeal.

The judgment against the garnishee depended, of course, upon judgment being rendered properly against the defendant. We are not concerned here with the effect of the judgment rendered against the garnishee, or whether the payment thereof relieves him from further liability. This matter is not before us and we need not concern ourselves with it now. It was the duty of the court to vacate the judgment against the defendant upon the showing made, and so the order of the lower court is affirmed.

NUESSLE, Ch. J., and BURKE, BIRDZELL, and CHRISTIANSON, JJ., concur.